UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
CLEVELAND ACCEPTANCE CORP., :
: CASE NO. 1:14-CV-02033
    Plaintiff-Counterclaim Defendant, :
:
v. : OPINION & ORDER
: [Resolving Docs. 1, 6, 9]
KARLA SEESE, :
:
    Defendant, :
:
WADE BELL, :
:
    Defendant-Counterclaim Plaintiff- :
    Third Party Plaintiff,
v. :
:
NORTON FURNITURE INC. ET AL., :
:
    Third Party Defendants. :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The motion to remand this case to state court raises a single question: whether counterclaim defendants and third party defendants may remove cases under 28 U.S.C. § 1441(c). Concluding that they may not, the Court **GRANTS** the motion and **REMANDS** this case to the Cleveland Municipal Court.

**I. Background**

On May 27, 2014, this case began when Plaintiff-Counterclaim Defendant Cleveland Acceptance Corp. ("Cleveland Acceptance") brought an action in the Small Claims Division of Cleveland Municipal Court against Defendant Karla Seese and Defendant-Counterclaim Plaintiff-

-1-

Case No. 1:14-CV-02033
Gwin, J.

Third Party Plaintiff Wade Bell seeking payment on a loan.[1]

On August 29, 2014, Bell filed a counter complaint against Cleveland Acceptance and third party complaint against Third Party Defendants Norton Furniture, Inc., and Marc Brown.[2] He alleges that Cleveland Acceptance violated the federal Truth in Lending Act and the Ohio Retail Installment Sales Act,[3] that the Third Party Defendants violated the Cleveland Municipal Consumer Code,[4] and that Cleveland Acceptance and the Third Party Defendants conspired to violate Ohio usury laws and the Cleveland Municipal Code.[5]

Then, on September 15, 2014, Cleveland Acceptance and the Third Party Defendants removed the case to this Court.[6] Bell seeks to remand the case to state court, arguing that counterclaim and third party defendants are not eligible to remove cases.[7]

## II. Legal Standard

"The district courts of the United States . . . are 'courts of limited jurisdiction. They possess only that power authorized by Constitution and by statute.'"[8] Congress has provided for the removal of certain claims and actions that could have been originally filed in federal court.[9]

---

[1] Doc. 1-2 at 1. Seese was the primary borrower, while Bell was a co-signer. *Id.* at 6.

[2] Doc. 1-1. Bell also successfully sought to have the case transferred to the General Division of Cleveland Municipal Court because the amount the counter complaint and third party complaint put in controversy exceeded the limit for the small claims division. *See id.* at 2.

[3] *Id.* at 14-17.

[4] *Id.* at 17-18.

[5] *Id.* at 18-19.

[6] Doc. 1. They subsequently filed an amended notice of removal. Doc. 6.

[7] Doc. 9. The Counter Defendant and Third Party Defendants have responded, Doc. 10, and Bell has replied, Doc. 11.

[8] *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

[9] 28 U.S.C. § 1441 (2012).

Case No. 1:14-CV-02033
Gwin, J.

"Removal statutes are strictly construed with all doubts resolved against removal."[10] The removing party has the burden of establishing federal court jurisdiction.[11]

Two subsections of the federal removal statute are relevant to this case. The first, 28 U.S.C. § 1441(a), says:

> **Generally.--**Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.[12]

The other subsection, 28 U.S.C. § 1441(c), has recently been amended. The language effective prior to the amendment provided:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.[13]

After an amendment in late 2011, which became effective in early 2012, § 1441(c) now reads:

> **Joinder of Federal law claims and State law claims.--**(1) If a civil action includes–
>
> > (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
> >
> > (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

---

[10] *Sollitt v. KeyCorp*, 463 F. App'x 471, 473 (6th Cir. 2012) (citing *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002)).

[11] *Harndon v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007) (citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006)).

[12] 29 U.S.C. § 1441(a) (2012).

[13] 29 U.S.C. § 1441(c) (2006) (*amended by* Federal Court Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758 (Dec. 7, 2011)).

Case No. 1:14-CV-02033
Gwin, J.

> (2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).[14]

### III. Analysis

Before the 2011 amendment, Sixth Circuit law held that neither 1441(a) nor 1441(c) allowed third party or counterclaim defendants to remove claims. In *First National Bank of Pulaski v. Curry*, the court concluded that third party defendants and counterclaim defendants could not remove cases under 28 U.S.C. § 1441(a) because the phrase "defendant or defendants" did not include them.[15] As to the then-effective version of 28 U.S.C. § 1441(c), which allowed removal when separate and independent claims were "joined," the court concluded that the word "joined" meant that the provision covered only claims brought by the original plaintiff or plaintiffs.[16]

The Counterclaim Defendant and the Third Party Defendants do not argue that 28 U.S.C. § 1441(a), which has remained materially unchanged since *Curry*, could by itself support removal. Instead, they rest their claim of removal jurisdiction on § 1441(c). They say that the revised provision was intended "to broaden the path to removal."[17] And they point to several aspects of the statute, including the inclusion of the words "claim" and "action" and the deletion of the word "joined" and the phrase "separate and independent." From these premises, they argue that the revised provision is "a detailed grant of removal jurisdiction in its own right."[18] The Court

---

[14] 29 U.S.C. § 1441(c) (2012).
[15] *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 461-63 (6th Cir. 2002).
[16] *Id.* at 463-67.
[17] Doc. 10 at 5.
[18] *Id.* at 7.

-4-

Case No. 1:14-CV-02033
Gwin, J.

disagrees.

As an initial matter, the word "claim" in revised § 1441(c) replaces the phrase "claim or cause of action" in the old version of that provision.[19] Likewise, the word "action" in the revised provision replaces the word "case."[20] The Counterclaim Defendant and Third Party Defendants have provided no reason to think that removing the phrase "or cause of action" causes "claim" to sweep more broadly, nor have they explained how the change in language from "case" to "action" implies a drastic expansion of removal jurisdiction.

The absence of "joined" and "separate and independent" from revised § 1441(c) gets the Counterclaim Defendant and Third Party Defendants no further. The Counterclaim Defendant and Third Party Defendants focus on the language in § 1441(c)(1)(A), which requires the presence of a claim giving rise to federal question jurisdiction. But they ignore § 1441(c)(1)(B). That provision, which must also be satisfied for § 1441(c) to apply, requires both the presence of "a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute," and that the "action would be removable without the inclusion of" any such claim.[21] This subsection thus recasts, albeit in slightly different language, the same "separate and independent" and "joined" requirements found in the older version of the statute.

This does not mean that the amendment to § 1441(c) lacked significance. Rather, the reason for its adoption appears obvious. Prior to its amendment, the statute allowed a federal court to "determine all issues" in a case that included claims over which the federal court lacked any basis to exercise jurisdiction. This conflicted with the principle that federal courts are courts of limited

---

[19] *Compare* 28 U.S.C. § 1441(c) (2012), *with* 28 U.S.C. § 1441(c) (2006).
[20] *Compare* 28 U.S.C. § 1441(c) (2012), *with* 28 U.S.C. § 1441(c) (2006).
[21] 28 U.S.C. § 1441(c)(1)(B) (2012).

Case No. 1:14-CV-02033
Gwin, J.

jurisdiction and raised constitutional concerns. The revised version attempts to address this problem by specifying that any claims over which the federal court lacks jurisdiction must be remanded.[22]

Accordingly, the Court concludes that the revisions to § 1441(c) do not broaden its scope to allow removal by counterclaim or third party defendants.

Finally, even if the amendments to § 1441(c) did generally allow counterclaim or third party defendants to remove cases, removal would be improper here. By its terms, § 1441(c) applies only when both a claim a federal court has federal question jurisdiction over *and* a claim the court lacks original and supplemental jurisdiction over are present.[23] Here, federal question jurisdiction would be proper over the counterclaim for violation of the Truth in Lending Act. Because all of the other claims, counterclaims, and third party claims in this lawsuit arise out of the same transaction or occurrence as this federal claim, supplemental jurisdiction would be proper for all of them.[24] The absence of a claim over which the district court would lack original or supplemental jurisdiction thus provides another reason why§ 1441(c) cannot support removal in this case.

### IV. Conclusion

For the reasons set forth above, the Court **GRANTS** Bell's motion and **REMANDS** this case

---

[22] 28 U.S.C. § 1441(c)(2) (2012).
[23] 28 U.S.C. § 1441(c) (2012).
[24] *See* 28 U.S.C. § 1367 (2012).

Case No. 1:14-CV-02033
Gwin, J.

to the Cleveland Municipal Court.

>IT IS SO ORDERED.


Dated: December 1, 2014                              s/        *James S. Gwin*
                                                     JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE